UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                             Case No. 14-C-1156

BENJAMIN E. BOURDO, NICOLE BOURDO,
PROHEALTH CARE MEDICAL ASSOCIATES,
WAUKESHA MEMORIAL HOSPITAL INC.
DISCOVERY BANK, BANCO SERVICES INC.,

    Defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 18)

On June 1, 2015, the United States of America moved for summary judgment in this foreclosure action against the non-defaulting defendants, debtors Benjamin and Nicole Bourdo ("the Bourdos"), and two junior lienholders, ProHealth Care Medical Services and Waukesha Memorial Hospital.[1] To date, no defendant has filed a response. Because the undisputed facts establish that the United States is entitled to judgment as a matter of law, the court will grant the motion.

FINDINGS OF FACT

The Bourdos executed three promissory notes in favor of the Farm Service Agency ("FSA") on September 15, 2009, August 27, 2010, and May 23, 2011, respectively, with a total principal of $308,000. (Compl. ¶ 2; Am. Answer ¶ 1; Lund Decl. ¶ 2, Exs. A - C.) To secure these loans, the Bourdos provided the FSA with a security interest in all farm products, crops, livestock, and farm equipment (collectively, the "chattel") owned or

---

[1] On April 1, 2015, the Clerk of Courts entered default with respect to Banco Services Inc. and Discovery Bank. (Doc. 14.)

thereafter acquired by the Bourdos. (Compl. ¶ 4, Ex. D; Am. Answer ¶ 1; Lund Decl. ¶ 3, Ex. D.) The Bourdos also executed three mortgages for specified parcels at their farm in East Troy, Wisconsin, in favor of the FSA. (Compl. ¶ 8, Exs. G - I; Am. Answer ¶ 1; Lund Decl. ¶ 4, Exs. E - G.) The Bourdos have not made payments on any of the three loans since December 2013 and, therefore, have defaulted under the terms of the instruments governing the loans at issue. (Comp. ¶ 9; Am. Answer ¶ 1; Lund Decl. ¶ 5.)

Upon default, the security agreement and mortgages executed by the Bourdos provide that the government may (1) declare the entire unpaid amount immediately due and payable and (2) foreclose on the instruments and sell the real property as well as the chattel securing the loans. (Lund Decl. ¶ 6, Ex. D ¶ 4(b); Ex. E ¶ 27; Ex. F ¶ 27; Ex. G ¶ 27.) When the Bourdos became more than 90 days delinquent on their loans, the FSA provided them with information about potentially available loan servicing options that could allow them to modify or defer their loan payment under the Agency's loan deferment program. (Lund Decl. ¶ 7, Ex. H.) To be eligible for participation in the loan deferment program, a borrower must satisfy stringent financial criteria, including the submission of a feasible farm operating plan demonstrating that the borrower will have a positive cash flow during and after the deferral period. (Lund Decl. ¶ 8; 7 C.F.R. § 766.109(a).) However, the Bourdos did not submit any application for a deferment to the FSA. (Lund Decl. ¶ 8.) Consequently, the FSA served the Bourdos with a Notice of Acceleration and Demand for Payment of their entire outstanding debt on April 14, 2014. (Lund Decl. ¶ 9, Ex. I.)

Separate from its loan deferment program, FSA policy permits a borrower to make payments following the acceleration of a loan, and if the borrower pays the outstanding delinquent balance, the FSA may reinstate the loan. (Lund Decl. ¶ 10.) Consistent with

2

this policy, an FSA employee provided the Bourdos with additional time (until June 24, 2014) to become current and to avoid foreclosure proceedings. (Lund Decl. ¶ 11.) The Bourdos failed to make any additional payments on their loans prior to the June 24, 2014. deadline. (Lund Dec. ¶ 12.)

Thus, the United States proceeded to initiate foreclosure proceedings against the Bourdos and filed this action on September 9, 2014. (Compl.) Due notice of the pendency of this action was filed with the Register of Deeds for Walworth County on October 6, 2014. (Carter Decl. ¶ 2, Ex. A.) Defendants ProHealth Care Medical Associates and Waukesha Memorial Hospital filed Claims for Surplus on December 17, 2014. (Docs. 5 and 6.) These Claims for Surplus concede that the United States has priority over the claims of ProHealth Care Medical Associates and Waukesha Memorial Hospital. *Id.*

The current outstanding balance owed to the United States by the Bourdos on the loans is $317,340.50 in principal, interest, and other fees as of May 19, 2015. (Lund Decl. ¶¶ 13-14, Ex. K; Carter Decl. ¶ 3.) Additional interest continues to accrue at the rate of $35.0635 per day. (*Id.*)

## CONCLUSIONS OF LAW

Under the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of

3

an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The United States has shown that it is entitled to a judgment of foreclosure. In addition to filing copies of the three promissory notes executed by the Bourdos in favor of the FSA, the United States filed the security agreement and three mortgages for specified parcels at their farm in East Troy. (Lund Decl., Exs. A-G.) The Declaration of Douglas Lund, a Farm Loan Specialist for the United States Department of Agriculture, states that the Bourdos have failed to make payments on the three loans at issue since December 2013. The terms of the security agreement and mortgages provide that the FSA may declare the entire unpaid amount immediately due and payable and foreclose on the instruments and sell the real property and the chattel securing the loans. Additionally, the United States has provided evidence that the Bourdos were provided with options to allow them to modify the payment on the terms of their loans (Lund Decl. Ex. H) and that the Bourdos failed to submit any application for loan servicing and/or a loan deferment. (Lund Decl. ¶ 8, Ex. H.) Served with the Notice of Acceleration and Demand for Payment of their entire debt on April 14, 2014, the Bourdos have failed to make any payments prior to their June 24, 2014, deadline. Accordingly, the court finds that the Bourdos owe a total outstanding balance of $317,340.50 ($278,977.66 in principal, $375 in fees, and $37,987.84 in interest with interest accruing at a rate of $35.0635 per day).

Although the Bourdos raised affirmative defenses in their amended answer, they have not come forward with any facts suggesting they can prevail on their defenses. Specifically, they assert that the United States promised that the loan in question would be placed in deferment, and that the United States is barred under the doctrines of unclean

4

hands, estoppel, and waiver.  However, there is no evidence in this record supporting any of these defenses.  The undisputed facts establish that the Bourdos never submitted the requisite application for a loan deferment or other repayment assistance, *see* 7 C.F.R. § 766.101(d)(3) and 766.103(b), and the Bourdos have not even alleged facts to support the defenses of unclean hands, waiver, and estoppel.  To survive summary judgment, defendants were required to provide specific evidence that a triable issue of fact remains.  Because they have not met their burden, summary judgment will be granted.

As a final matter, ProHealth Care Medical Associates and Waukesha memorial Hospital have filed Claims for Surplus in response to the complaint conceding their interests are junior to the those of the United States.  Accordingly,

IT IS ORDERED that the United States of America's motion for summary judgment is granted.  The United States may proceed with the immediate foreclosure and sale of the collateral covered by the notes and mortgages held by the FSA.

IT IS FURTHER ORDERED that judgment shall be entered in favor of the United States as to all defendants.

Dated at Milwaukee, Wisconsin, this 26th day of August, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE